UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNTIED STATES OF AMERICA,

        Plaintiff,

vs.                                   Case No.   2:09-cv-214-FtM-29SPC

TRACT J26-25, 5.0 ACRES OF LAND,
MORE OR LESS, IN COLLIER COUNTY,
FLORIDA, DAVID H. KNOWLES, ET AL.,

        Defendant.
_____

## OPINION AND ORDER

This matter came before the Court on an evidentiary hearing as to entitlement to just compensation.[1] On May 4, 2011, the Court issued an Order (Doc. #44) setting the hearing and providing that "[a]ny interested parties who fail to appear, or otherwise file a paper Application in lieu of appearing, will be deemed to have waived any interest in the just compensation." (Doc. #44, p. 2.)

Prior to the hearing, Applications for Withdrawal of Just Compensation (Docs. ## 32-37, 46) were filed by Alma C. Kemp, Nadine Hallmon, Robert H. Kemp, Viola Macon, Francis Knowles, Anne Smith, and Harold Isaiah Knowles. Alma C. Kemp also filed a letter supplemental motion (Doc. #42), and the Court received a letter

---

[1] On November 9, 2010, the government deposited $7,500.00 as just compensation after trial. (Doc. #26.) On December 9, 2010, $60.40 of the funds on deposit were disbursed to the Collier County Tax Collector for taxes due and owing. (Doc. #31.)

dated June 30, 2011 from Claimant Bertha M. Highsmith recommending that her cousin Alma C. Kemp receive all funds in the Registry and stating that she would not be appearing at the hearing. Claimants Alma C. Kemp and Nadine Hallmon both seek the full amount on deposit. Claimant Robert H. Kemp seeks a "fair share"; claimant Viola Macon seeks a 1/42 share or $178.57; claimant Francis Knowles seeks a "divided share"; claimant Anne Smith seeks 15% or $500.00; and claimant Harold Isaiah Knowles seeks an unstated amount.

At the hearing, claimants Alma C. Kemp, Frances Knowles, Beulah Smith, Darrell Smith, and Ivan Gibson appeared in person. Alma C. Kemp seeks compensation for having paid the taxes on the property since approximately the 1980s without assistance and for her mother (Inez Knowles Smith Gibson) who had been paying the taxes when the owner, David H. Knowles, passed away. Her sister, Beulah Smith, stated that Alma C. Kemp should receive all the funds based on the payment of the taxes. Frances Knowles, a cousin, stated that she would have helped pay taxes if she had known about the taxes being paid. Ivan Gibson, Alma Kemp's brother, stated that she should receive compensation for having paid the taxes with the remainder to be disbursed equally. Darrell Smith did not speak at the hearing and has interest in the property as the son-in-law of Beulah Smith.

The government took no position except to provide considerable guidance to the Court. Based on Florida law, the government

indicated how compensation could be distributed among 33 potential claimants. Anne Smith is not a descendant of David H. Knowles, but rather is the surviving spouse of Harry Smith, child of Joanna Knowles Smith and nephew of David H. Knowles. Therefore, her application will be denied. Having previously stated that the failure to appear or file an application would result in a waiver of rights to the just compensation, the Court will deem the non-appearing claimants to have forfeited their individual interests in the just compensation.

Therefore, the following eight claimants remain at issue: Harold Isaiah Knowles; Francis Knowles; Nadine Hallmon; Ivan Gibson; Alma Kemp; Robert Kemp; Viola Macon; and Beulah Mae Smith, who suggested that the funds should be distributed to her sister Alma Kemp. Claimant Alma Kemp is the only individual who has paid the taxes on the property since at least January 1976 (Doc. #32-1, p. 13).

Under Florida law, one who paid taxes has an equitable remedy against the person who should have paid the taxes on real property. Trueman Fertilizer Co. v. Allison, 81 So. 2d 734, 737 (Fla. 1955). "The doctrine of subrogation is based upon the principle of natural justice and was created to afford relief where one is required to pay a legal obligation which ought to have been met, either wholly or partially, by another." Id. at 737.

The remaining eight claimants are heirs of David Knowles and entitled to just compensation. All 33 claimants technically had an obligation to pay the taxes on the property in order to preserve their rights to the fair market value of the property. Alma Kemp's payment of taxes ensured all claimants' interest in the property. To reward the other claimants who did not contribute to the payment of taxes would result in a windfall because they will reap the benefits of the just compensation after Alma Kemp's payment of the taxes preserved their rights for over 40 years. See, e.g., Poole v. Savage, 561 So. 2d 360, 363 (Fla. 1st DCA 1990)(wife was granted a special equity interest in property requiring her to share in the property's maintenance held by husband, and wife later sought to offset the amount by the rental value of the property. The Court found that to allow the husband to pay only half the expenses but receive all the benefits would result in a windfall to the husband.)

Alma Kemp provided partial tax records for some of the years taxes were paid on the property. The Court finds that Alma Kemp is entitled to reimbursement for the taxes paid on behalf of all interested claimants as a lien on the property. The Court has the following records:

| 03/2010 (2009 Taxes) | $ 71.40 |
| 12/2008 (2008 Taxes) | $ 65.45 |
| 03/2008 (2007 Taxes) | $ 70.92 |

| | |
|---|---|
| 12/2006 (2006 Taxes) | $ 54.10 |
| 03/2006 (2005 Taxes) | $ 58.58 |
| 11/2004 (2004 Taxes) | $ 56.59 |
| 03/2004 (2003 Taxes) | $ 60.08 |
| 3/1997 (1996 Taxes) | $ 41.01 |
| 3/1995 (1993 Taxes) | $ 40.10 |
| 4/1991 (1990 Taxes) | $ 43.37 |
| 03/1987 (1986 Taxes) | $ 35.99 |
| 11/1985 (1985 Taxes) | $ 32.50 |
| 1/1976 (1975/1976 Taxes) | $ 21.20 |
| **TOTAL:** | **$651.29** |

Therefore, Alma Kemp is entitled to at least $651.29 for taxes paid, separate from her claim as an heir of David Knowles. The Court will provide Alma Kemp an opportunity to provide the Court any and all proof of past tax payments for the other years. As it is undisputed that Alma Kemp paid the taxes, proof may be demonstrated by tax receipts, copies of checks, or tax assessment notices individually. Both a tax receipt and check are not required. If the records cannot be produced within the time the Court provides, Alma Kemp will be awarded the $651.29 in addition to her share of the just compensation as stated below.

The Court finds that the remaining funds should be distributed to claimants based on their individual familial relationships to David Knowles[2] as follows:

---

[2]David Knowles was a widow with no children at the time of his
(continued...)

| Harold Isaiah Knowles | 1/3 or 33.3% |
| --- | --- |
| Francis Knowles | 1/6 or 16.66% |
| Nadine Hallmon | 1/6 or 16.66% |
| Ivan Gibson | 1/15 or 6.66% |
| Robert Kemp | 1/15 or 6.66% |
| Alma Kemp | 1/15 or 6.66% |
| Viola Macon | 1/15 or 6.66% |
| Beulah Mae Smith | 1/15[3] or 6.66% |

Accordingly, it is now

**ORDERED**:

1. The government's Combined Motion to Determine Entitlement to Just Compensation (Doc. #40) is **GRANTED** to the extent that entitlement is determined herein.

2. Alma C. Kemp's Application for Withdrawal of Just Compensation (Doc. #32) is **GRANTED IN PART.**

---

[2](...continued)
dead, but left behind eight siblings: Joanna Knowles Smith, Isaiah Knowles, Felix Knowles, Samuel Knowles, Inez Knowles Smith Gibson, Kathleen Knowles Smith, Evelyn Knowles Smith, and Elizabeth J. Smith. Of these eight siblings, only three have heirs with active claims. Samuel passed away leaving no issue, Felix passed away leaving heirs who have filed claims (Francis Knowles and Nadine Hallmon as grandchildren), and Isaiah Knowles passed away leaving behind his son, claimant Harold Isaiah Knowles. Joanna Knowles Smith, Kathleen Knowles Smith, Evelyn Smith, and Elizabeth J. Smith are all deceased and their issue are deemed to have forfeited their interest in the property for failure to appear or file a claim. Inez Knowles Smith Gibson also passed away and some of her children have filed claims or appeared (Viola Macon, Beulah Mae Smith, Alma Kemp, Robert Kemp, and Ivan Gibson).

[3]Although Beulah Mae Smith stated in Court that her sister Alma Kemp should receive all funds, the Court will leave that decision to Ms. Smith's discretion after disbursement of the funds.

3. Nadine Hallmon's Application for Withdrawal of Just Compensation (Doc. #33) is **GRANTED IN PART**.

4. Robert H. Kemp's Application for Withdrawal of Just Compensation (Doc. #34) is **GRANTED IN PART**.

5. Viola Macon's Application for Withdrawal of Just Compensation (Doc. #35) is **GRANTED IN PART**.

6. Francis Knowles' Application for Withdrawal of Just Compensation (Doc. #36) is **GRANTED IN PART**.

7. Anne Smith's Application for Withdrawal of Just Compensation (Doc. #37) is **DENIED**.

8. Harold Isaiah Knowles' Application for Withdrawal of Just Compensation (Doc. #46) **GRANTED IN PART**.

9. Alma C. Kemp's letter supplemental motion (Doc. #42) is **GRANTED** to the extent that the supplemental information was considered by the Court.

10. Ivan Gibson's oral request is **GRANTED IN PART**.

11. Beulah Mae Smith's oral request is **GRANTED IN PART**.

12. Disbursement is **taken under advisement** pending an opportunity for Alma Kemp to provide the Court further documentation regarding her payment of taxes within **TWENTY-ONE (21) DAYS** of this Opinion and Order. If no additional documentation is provided or available, the Court will disburse $651.29 to Alma Kemp and the remaining funds to the claimants as provided in the second chart.

13. The Clerk shall terminate all deadlines, and deliver a copy of this Opinion and Order to all claimants listed on the docket.

**DONE AND ORDERED** at Fort Myers, Florida, this __20th__ day of July, 2011.

>                              _____
>                              JOHN E. STEELE
>                              United States District Judge

Copies:
Counsel of record
Claimants